Taliaferro, J.
The plaintiffs alleging that the defendant, an absentee, owes them forty-one hundred dollars proceeded against him by attachment and took out garnishment process against Reynolds, Dowling & Co. In answer to interrogatories propounded to them they said they had in their hands subject to plaintiffs’ claim against Norris $1563 10, and no more. ' Their exhibit is that they owe Norris $2935, subject to a credit of $278. 55, paid.Cantrell & Brother, and that they retain the sum Of $1092 to pay laborers, for teams etc. and acknowledge a balance due of $1563 10. Reynolds, Dowling & Co. it seems, had contracted .to do certain work for the New Orleans, Mobile and Chat *94 tanooga Railroad Company in the construction of their road between New Orleans and Donaldsonville. Norris was a sub-contractor under Reynolds, Dowling & Co. In the contract between Norris and the garnishees it was agreed that “payments shall be made on the tenth of each month of ninety per cent, of the amount of the work done in the preceding month and, that A. W. Norris shall pay all laborers in his employ, and for all materials delivered on his contract monthly. And in case of the failure of Norris to do so, Reynolds, Dowling & Co. shall have authority to retain in their hands for the payment of workmen employed, etc. such an amount of any monthly or other estimate as they may deem proper, and may adopt such measures for the disbursement of such money retained as they may consider most judicious for the interests of all parties concerned.”
Judgment was rendered against Norris for $2887, and against the garnishees for $1563 10. On the same day a rule was taken against the garnishees to show cause why they should not be compelled to pay the balance in their hands after deducting the amount of the judgment against them, viz: the sum of $1371.
The plaintiffs contend that the garnishees having admitted that they owed Norris the sum of $2933, it is incumbent upon them to prove the correctness of every item of the sum they claim the right to retain which plaintiffs aver the garnishees have failed to do.
On the other hand the garnishees hold that their answers never having been disproved or contradicted by the plaintiffs must be taken to be true; and as Norris could not under his contract with them have claimed any sum retained by them as shown by their answers to the interrogatories, the attaching creditors have no greater rights than Norris. A rule was taken by the plaintiffs against the garnishees to show cause why their answers should not be traversed. No answer to the rule was filed, but the rule was tried contradictorily between the parties and the rule was dismissed. Prom this judgment the plaintiffs have appealed.
There was no evidence introduced by the plaintiffs to disprove the truth of the answers of the garnishees. In the case of Oakey et ais. v. the Mississippi and Alabama Railroad Company, 13 L. R. 570, it was held that the extent of the liability of garnishees is to be tested by their answers to interrogatories, when the truth of these interrogatories has not been disproved. Subsequent decisions are to the same effect. 16 An. 137; Ibidem 253 j 25 An. 365.
We think the decree of the court a qua correct.
Judgment affirmed,
Rehearing refused.